**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER BLAS PADILLA,

Defendant-Appellant.

No. 05-8101

(D. of Wyo.)

(D.C. No. 05-CR-148-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.[**]

---

Pursuant to a plea agreement, Defendant-Appellant Christopher Padilla was convicted of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He now appeals his 76-month sentence, alleging ineffective assistance of counsel. For the reasons stated below, we AFFIRM.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Padilla was arrested on March 28, 2005. The complaint against him contained four counts: (1) conspiracy to possess with intent to distribute methamphetamine; (2) actual distribution of methamphetamine; (3) actual distribution of cocaine; and (4) using a controlled substance unlawfully while in possession of a firearm. After waiving his right to a preliminary hearing and a speedy trial, Padilla, with the assistance of counsel, entered into plea negotiations with the Government. On July 13, 2005, Padilla and the Government filed a plea agreement stipulating that Padilla would plead guilty only to the conspiracy charge. The agreement further stipulated that Padilla would agree to a two-level enhancement of his offense level for the crime and that the Government would recommend a sentence at the low end of the advisory Guideline range. Padilla entered this plea in the face of uncertainty regarding his criminal history level. In particular, he was unsure at the time of his plea whether his criminal history category would be I, II or III. The district court informed him of the impact this could have on his eventual sentence.

The presentence report assigned Padilla a criminal history category of III. Combined with his offense level of 25 this yielded an advisory sentencing range of 70 to 87 months incarceration. Padilla filed a motion for downward departure, arguing that the presentence report overstated his criminal history. The district court denied the motion and sentenced Padilla to 76 months.

Padilla filed a timely notice of appeal, arguing the sentence was unreasonable and that he received ineffective assistance of counsel. Believing this appeal frivolous, Padilla's counsel, Richard Jamison, filed a brief along with a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

## II. Discussion

### A. Sentencing Error

Padilla's first contention is that the district court erred in sentencing him to 76 months despite the parties' stipulated recommendation for a sentence of 70 months.[2] We construe this as an argument that the sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a).

A sentence within a correctly calculated Guideline range is entitled to a presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the . . . sentencing factors laid out in

---

[2] Padilla also argues that the district court erred when it denied his motion for a downward departure. This argument is without merit. Before *United States v. Booker*, 543 U.S. 220 (2005), this court did not review a district court's decision to deny a downward departure except where the district court clearly believed itself legally precluded from doing so. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999). This made sense in the era of the mandatory Guidelines and is arguably superfluous now that the Guidelines are advisory and all sentences are subject to review for reasonableness. Nonetheless, the district court in this case made clear it had discretion to grant Padilla's motion for downward departure and we therefore have no basis to review this outside the overall context of reasonableness.

§ 3553(a)." *Id.* at 1055. The district court correctly calculated the applicable Guideline range given Padilla's criminal history category and offense level. The court's sentence, while not the sentence recommended by Padilla and the Government, nonetheless fell within the advisory Guideline range. It is therefore entitled to a presumption of reasonableness. *Id.* at 1054–55. On appeal, Padilla has provided no basis upon which this presumption should be questioned, let alone rebutted. In addition to his attorney's *Anders* brief, Padilla has submitted only a four-page statement arguing the ineffectiveness of his counsel. Because Padilla's sentence is presumptively reasonable and because Padilla has not rebutted this presumption, we conclude that the sentence imposed was reasonable.

## B. Ineffective Assistance of Counsel

Padilla next argues that Jamison provided him ineffective assistance and this resulted in his unsatisfactory plea bargain and sentence. The Supreme Court has noted that "[i]n light of the way our system has developed, in most cases a motion [for habeas corpus] brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is because the pursuit of an ineffective assistance claim on direct appeal requires the appellate court to proceed on a trial court record not developed with the object of proving ineffective assistance in mind. This concern animated our holding that "[i]neffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal. Such claims brought on

direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)).

Padilla bases his argument for ineffective assistance on Jamison's failure to "present the two key witnesses in [sic] Defendants [sic] behalf that Defendant had two notarized statements from. . . ." Aplt. Br. at 1. These statements are alleged to be those of cellmates of prisoners with knowledge of a plot by associates of Padilla to have the charges against Padilla trumped-up by offering false testimony to prosecutors about Padilla's use of a firearm in the collection of drug debts. Even assuming the accuracy and persuasiveness of these statements, Padilla's ineffective assistance claim raises precisely the concerns about record development articulated by the Supreme Court in *Massaro*. While "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record" that such concerns are not borne out, this is not such a case. *Massaro*, 538 U.S. at 508.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court and GRANT Jamison's motion to withdraw.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-5-